# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **L4T Innovations LLC,** | Case No. 2:26-cv-187 |
| Plaintiff, | Patent Case |
| v. | **JURY TRIAL DEMANDED** |
| **SZ DJI Technology Co., Ltd. and DJI Europe B.V.,** | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff L4T Innovations LLC ("Plaintiff") files this Complaint against Defendants SZ DJI Technology Co., Ltd. And DJI Europe B.V. (collectively, "DJI" or "Defendants") for infringement of United States Patent No. 11,189,321 (the "'321 Patent").

## NATURE OF THE ACTION

2. This suit is an action for patent infringement under Title 35 of the United States Code. Plaintiff seeks monetary damages.

3. Plaintiff is the assignee of all rights, title, and interest in the '321 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '321 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for Defendants' infringement of the '321 Patent.

1

## THE PARTIES

4. Plaintiff is a Michigan limited liability company with an office at 1915 North Valley View Drive, Saint Joseph, Michigan 49085.

5. On information and belief, Defendant SZ DJI Technology Co., Ltd. ("DJI Technology") is a corporation organized and existing under the laws of China, with a principal place of business at Level 6, Building No. 2, No. 8, Laoshan Road, Shenzhen, Guangdong, China.

6. On information and belief, DJI Technology directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States and in the State of Texas, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

7. On information and belief, Defendant DJI Europe B.V. ("DJI Europe") is a corporation organized and existing under the laws of the Netherlands, with a principal place of business located at Strawinskylaan 3105, 1077 ZX Amsterdam, Netherlands. DJI Europe handles global distribution of DJI products, including supplying the accused products to the United States.

8. On information and belief, DJI Technology markets and sells the accused products through its website[1] and authorized retailers in the United States, including in this Judicial District. DJI Europe orchestrates the global distribution of the accused products, including their importation into the United States.

---

[1] https://www.dji.com/.

## JURISDICTION AND VENUE

9. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b) because, among other things, Defendants are foreign corporations, and thus may be sued in any judicial district, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

11. Defendants are subject to this Court's specific and general personal jurisdiction under due process because of Defendants' substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

12. Specifically, Defendants do business in, have committed acts of infringement in, and continue to commit acts of infringement in the State of Texas, including in this District, and in the United States, directly and through intermediaries and agents, by contributing to and through inducement of third parties, and offer their products or services, including those accused of infringement herein, to customers and potential customers located in this state, including in this District, and in the United States.

13. Defendants have committed acts of infringement within this District, including, but not limited to, making, using, selling, offering for sale, and importing of the Accused Products, as defined *infra*.

14. Defendants have purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. Defendants regularly sell (either directly or indirectly) their products within this District. For example, upon information and belief, Defendants have placed and continue to place the Accused Products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this District and the State of Texas. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendants derive substantial revenue.

## THE ACCUSED PRODUCTS

15. Based upon public information, Defendants own, operate, advertise, and/or control the website and domain https://www.dji.com, through which they advertise, sell, offer to sell, provide and/or educate customers about their products and services.

16. Defendants use, cause to be used, sell, offer for sale, provide, supply, and/or distribute its remote controller and video capture hardware products and associated software products, including but not limited to those marketed as the DJI Osmo Action GPS Bluetooth Remote Controller (the "Remote Controller") with DJI Osmo Action 6, Osmo Action 5 Pro, and Osmo Action 4 (the "DJI Cameras") and their associated hardware and software and functionalities (collectively, the "Accused Products").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,189,321

17. The United States Patent and Trademark Office duly issued U.S. Patent No. 11,189,321 on November 30, 2021, after full and fair examination of Application No. 16/821,423,

filed March 17, 2020, which was a continuation of application No. PCT/US2018/053805, filed on October 1, 2018, and a continuation of application No. PCT/US2018/053807, filed on October 1, 2018. These applications arose from provisional application No. 62/567,054, filed on October 2, 2017, and provisional application No. 62/572,157, filed on October 13, 2017. A true and correct copy of the '321 Patent is attached as **Exhibit 1**.

18. The claims of the '321 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of video event recording products, among other things, by implementing a retrospective capture trigger for event marking and capture. Indeed, the specific recorder-and-controller system architecture configured to provide retrospective event capture, as described and claimed in the '321 Patent, was not a "well-understood, routine, conventional" system or activity at the time of the invention of the '321 Patent.

19. The written description of the '321 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

20. Defendants have directly infringed and continue to directly infringe one or more claims of the '321 Patent by making, using, selling, offering to sell, providing, supplying, and/or distributing the Accused Products.

21. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 5, 6, 8, 9, 14, 15, and 16 of the '321 Patent,

as detailed in **Exhibit 2** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 11,189,321).

22. For example, as detailed in **Ex. 2**, Defendants, through the use and provision of the Accused Products, perform a method, comprising generating real-time clock data with a real-time clock of an event marking device; generating with a trigger circuit of the event marking device, a trigger signal; identifying, from the real-time clock data with a microcontroller of the event marking device, a real time corresponding to a receipt of the trigger signal; writing, with the microcontroller, trigger signal data to a memory of the event marking device indicating the real time associated with receipt of the trigger signal; and outputting, with a communication interface of the event marking device, the trigger event data including the time of generating the trigger signal to an external device; whereby outputting the trigger event data causes the external device to preserve a recording captured at the time of the enablement of the trigger circuit.

23. Since at least the time of receiving the Original Complaint in this action, Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '321 Patent by inducing others to directly infringe said claims. Defendants have induced end-users, including, but not limited to, Defendants' employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '321 Patent by providing or requiring use of the Accused Products. Defendants have taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '321 Patent, including, for example, Claims 1 and 8. Such steps by Defendants include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner, and/or

distributing instructions that guide users to use the Accused Products in an infringing manner.[2] Defendants are performing these steps, which constitute induced infringement, with the knowledge of the '321 Patent and with the knowledge that the induced acts constitute infringement. Defendants are aware that the normal and customary use of the Accused Products by others would infringe the '321 Patent. Defendants' inducement is ongoing.

24. Since at least the time of receiving the Original Complaint in this action, Defendants have also indirectly infringed and continue to directly infringe by contributing to the infringement of the '321 Patent. Defendants have contributed to the direct infringement of the '321 Patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '321 Patent, including, for example, Claims 1 and 8. The special features constitute a material part of the invention of one or more of the claims of the '321 Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing.

25. Defendants had knowledge of the '321 Patent at least as of the date when it was notified of the filing of the Original Complaint in this action.

26. Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

27. Plaintiff, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '321 Patent.

---

[2] *See, e.g.*, *DJI Support for Products*, DJI, https://www.dji.com/support?site=brandsite&from=nav (last visited Mar. 9, 2026).

28. Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above. Thus, Defendants are liable to Plaintiff in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

29. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

30. Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

   a. A judgment that one or more claims of the '321 Patent have been infringed, either literally or under the doctrine of equivalents, by Defendants or others acting in concert therewith;

   b. A judgment and order requiring Defendants to pay Plaintiff its damages (past, present, future, including treble damages for its willful infringement), costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '321 Patent;

   c. A judgment and order requiring Defendants to pay Plaintiff compulsory ongoing licensing fees, as determined by this Court;

   d. A judgment and order declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs against Defendants in accordance with 35 U.S.C. § 285; and

   e. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 9, 2026                    Respectfully submitted,

By: /s/ Laura E. Calloway

Laura E. Calloway (TX Bar No.24099661)*
**L4T Innovations LLC**
1915 N. Valley View Dr.
Saint Joseph, Michigan  49085
Telephone: (312) 320-7587
Email: laura@l4tinnovations.com
***Attorney for Plaintiff***

*Admitted to the Eastern District of Texas